Estate of Michael Samuels, Deceased, Sam Samuels, Executor v. Commissioner. Sam Samuels v. Commissioner. Isadore Samuels v. Commissioner.
Estate of Michael Samuels v. Commissioner
Docket Nos. 21688, 21689, 21690.
United States Tax Court
1950 Tax Ct. Memo LEXIS 249; 9 T.C.M. (CCH) 196; T.C.M. (RIA) 50063; March 14, 1950
*249 Frederick E. Weinberg, Esq., for the petitioners. William F. Evans, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax and penalties for the year 1944, as follows: Docket No.
Name
Deficiency
50% Penalty
21688
Estate of Michael Samuels
$1,099.29
$4,049.65
21689
Sam Samuels
1,052.14
4,026.07
21690
Isadore Samuels
1,052.13
4,026.07
The deficiencies originally determined were in larger amounts than those above stated, whereupon petitioners each paid $7,000 on account of such deficiencies to stop the running of interest. The net deficiencies and penalties finally determined are shown above. The penalties represent 50 per cent addition to the tax as originally found by the respondent. Petitioners complain of two alleged errors: (1) the addition to income of each petitioner of $5,500 representing one-third of $16,500, alleged purchases of a partnership known as the Empress Undergarment Company, of which the three men were members, and which purchases were disallowed for lack of substantiation, and (2), the finding of fraud. Petitioners admit that respondent *250 correctly determined that the sales of Empress Undergarment Company were understated in the amount of $17,418.61, resulting in an understatement of income of each petitioner of one-third of such amount. As to this item, petitioners plead as a defense against the finding of fraud that the accountant who prepared their returns was incorrectly informed as to the amount of accounts receivable at the opening of the taxable period. Petitioners claim that the item of $16,500, alleged purchases, the disallowance of which, for lack of substantiation, resulted in an understatement of income, is proven by the record. We disagree. Petitioners' entire defense against the finding on this item is that it represented cash purchases made in the black market by the deceased member of the partnership and that - "* * * substantiation was unavailable to these petitioners. Since the sellers of the merchandise had been engaged in violating the law (which was, in fact, the very reason why they had insisted upon payment in cash in the first place), they could hardly be expected to come forward with testimony. Nor, for obvious reasons, were petitioners in a position to 'finger' them for the purposes of *251 this controversy, even if they were willing to do so." * * *
The record in these cases is marked by a welter of words and a paucity of proof. The evidence adduced fails utterly to prove that respondent erred. E contra, if it proves anything, it justifies his finding of the deficiencies. We approve the deficiencies for failure of proof of error. To establish fraud on the part of a taxpayer, it is necessary to prove by clear and convincing evidence an intent on the part of such taxpayer to defraud the Government by filing a false return. Although intent is a state of mind, it is nevertheless a fact to be proven, as other facts are proven. It may appear from certain overt acts, or from a course of conduct calculated to deceive. If, after the hearing of a case, there exists in the mind of the trier thereof a clearly defined conviction that fraud has been proven, it is his duty in such premises to find fraud. In the instant case we are fully convinced that the taxpayers deliberately, and with a fraudulent intent, understated their income in their tax returns for 1944 and that this was done for the purpose of evading their just taxes due the Government. We sustain the Commissioner's *252 finding of fraud in all three cases. ; ; affirmed . The charge of fraud persists despite the decease of Michael Samuels, and is enforceable against his estate. ; affirmed (CA-1) (February 2, 1950); and ; affirmed (CA-6) (February 17, 1950). The amount of fraud penalty is not reduced by the fact that after filing false and fraudulent returns the taxpayers paid part of the deficiency originally determined by respondent. The penalty attaches to the entire deficiency. , and . Decisions will be entered under Rule 50.